UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JORDAN HOWARD, *individually and on behalf of her minor son* E.H., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:23-cv-00017-HAB-SLC ) |
| BRAD ZERN, *in his official capacity as Principal of Eel River Elementary School, and individually*, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is a motion to amend (ECF 32) and accompanying memorandum (ECF 33) filed by Plaintiff on May 30, 2023, seeking to address various concerns identified in Defendants Brad Zern, Northwest Allen County Schools Board of School Trustees, and Northwest Allen County Schools' motion for judgment on the pleadings. (*Id.*; *see* ECF 30 to 31; ECF 34 at 1-2). Defendants collectively filed a response in opposition to the motion on June 6, 2023. (ECF 34). Plaintiff has not filed a reply and her time to do so has passed. N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion is ripe for ruling. The deadline for Plaintiff to seek leave of Court to amend her complaint was June 2, 2023 (ECF 21), and thus, the motion was timely filed. For the following reasons, the motion to amend will be GRANTED.

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. The Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658,

661 (7th Cir. 1978) (collecting cases). Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

Defendants claim the motion should be denied because the amendment "does not in any way address or resolve the legal arguments in Defendants' Motion for Judgment on the Pleadings" and "does not correct the deficiencies of the federal claims in their original Complaint.'" (ECF 34 ¶ 4). Thus, Defendants oppose the motion to amend because the amendment would be futile. (*Id.* ¶ 6). "[F]utility, in the context of Rule 15, refers to the inability to state a claim . . . ." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (citation omitted) (futility, however, does not refer to "the inability of the plaintiff to prevail on the merits"). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 5190-20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

Considering the futility argument at this juncture would be premature. "First, the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when the plaintiff has not yet had an opportunity to amend [her] complaint." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). "In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high

risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion*, 786 F.3d at 518 (citing *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1024 (7th Cir. 2013)). "Given that Plaintiff has not yet filed any amended complaint, the Court finds it proper to give her that opportunity." *Chen*, 2021 WL 5005373, at *2.

Second, a futility analysis would be premature because it would be better addressed in the pending motion for judgment on the pleadings. "[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss, especially when there is already a dispositive motion pending." *Id.* at *3 (declining to "engage in a futility analysis" when the defendants argued that "amendment would be futile because the proposed amended complaint [did] not cure the deficiencies raised in their pending motion to dismiss").

Here, Defendants' futility argument is "more appropriately raised in [their] motion [for judgment on the pleadings] . . . when [it] can be addressed in a more concise manner." *Carteaux v. Town of Rome City*, No. 122-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023) (quotation omitted); *Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL 3816113, at *2 (D. Colo. Apr. 26, 2021) ("[T]he Court is inclined instead to allow [the party] to amend and leave the question of whether she has adequately stated claims against other parties to be decided on a fully-briefed dispositive motion . . . ."). This is especially true because Defendants raise the same arguments in their response in opposition to the motion to amend as they do in their motion for judgment on the pleadings. (ECF 34 ¶¶ 1, 4, 6); *see Chen*, 2021 WL 5005373, at *3 ("Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend places the cart before the horse, and rather than force a Rule 12(b)(6) motion into a

Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." (quotation omitted) (collecting cases)).[1]

In sum, denying the motion to amend based on futility would be premature. As already explained, the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and Plaintiff's motion was filed before the applicable deadline passed. Thus, the motion to amend (ECF 32) is GRANTED. Plaintiff is AFFORDED to and including July 6, 2023, to file the amended complaint (ECF 32-1).

SO ORDERED.

Entered this 28th day of June 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Although Defendants filed a motion for judgment on the pleadings and not a motion to dismiss, both motions are decided pursuant to the same standard. *See Mojsoski v. Ind. Wesleyan Univ.*, No. 1:22-cv-00019-SLC, 2022 WL 17338426, at *1 (N.D. Ind. Nov. 30, 2022) ("When ruling on a Rule 12(c) motion, a court must review the pleadings under the same standard governing motions to dismiss for failure to state a claim under Rule 12(b)(6)"). Therefore, that Defendants filed a motion for judgment on the pleadings does not alter the Court's analysis.